### CHARLES MONTGOMERY v. K. C. ROAD, et al.

1. PLEADING WRITTEN INSTRUMENT; *Affidavit Denying Execution.* Where the answer denies the allegations contained in the petition, of the execution of the written instrument sued on, and the answer is properly verified by the affidavit of the defendant, the burden of establishing the execution of the instrument rests upon the plaintiff.

2. JUDGMENT, *When Not Res Adjudicata.* Where in an action against an alleged mortgagor to foreclose an alleged real-estate mortgage, a third party is joined as co-defendant, and such third party, in his answer, claims to be the owner in fee of the premises described in the petition, under a deed of general warranty from said mortgagor, and alleges that the mortgage was never executed, is a forgery, and the acknowledgment false, and at one term of court judgment is taken by default against the alleged mortgagor, expressly excepting from its operation said co-defendant, but the action is continued for trial to the next term of court as to the co-defendant claiming absolute ownership of the premises, *held*, that the judgment rendered upon default against the alleged mortgagor does not make the matter *res adjudicata* as to said co-defendant.

*Error from Norton District Court.*

ACTION by *Montgomery* against *Road* and others, upon a promissory note and a real-estate mortgage given to secure its payment. Judgment for defendant *Delcourt* for costs, at the April Term, 1884. The plaintiff brings the case to this court. The opinion states the material facts.

*L. H. Thompson*, for plaintiff in error.

*J. R. Hamilton*, for defendant in error Delcourt.

The opinion of the court was delivered by

HORTON, C. J.: Prior to November 16, 1880, one K. C. Road was the owner of lot No. 2, in block No. 22, in the

Norton Town Association's addition to the town of Norton, in Norton county. Subsequently she transferred the property by deed of general warranty to Peter McCrea; McCrea and wife then transferred the property to Ve Broquet Delcourt. On February 15, 1883, Charles Montgomery filed his petition in the district court of Norton county against K. C. Road, P. McCrea, M. P. McCrea, his wife, and Ve Broquet Delcourt, alleging that on April 17, 1880, K. C. Road executed her promissory note to him in the sum of $230, payable six months after date with interest at the rate of twelve per cent. per annum, and that on the same day, to secure the payment of the note, she executed to him a mortgage upon said lot No. 2; and praying judgment upon the note and a foreclosure of the mortgage, and also asking that Peter McCrea, M. P. McCrea, his wife, and Ve Broquet Delcourt be barred from setting up any claim or title to the premises after a sale under the foreclosure. On March 16, 1883, Ve Broquet Delcourt filed her answer to the petition, which was verified by her attorney, J. R. Hamilton.

At the April term of court for 1883 the case was called for trial, and upon default judgment was rendered as prayed for in the petition, against K. C. Road, Peter McCrea, and M. P. McCrea. In the decree foreclosing the mortgage no judgment whatever was taken against the defendant Delcourt, and the decree expressly excepted her from its operation. At that term of the court the plaintiff obtained leave to amend his petition, and Delcourt was given until July 12, 1883, to answer or demur thereto, and the case as to Delcourt was continued until the next term. Subsequently plaintiff filed an amendment to his original petition, and Delcourt filed her answer, duly verified by herself, alleging that she was the owner in fee simple of the premises described in the petition; that K. C. Road never executed, signed or delivered to the plaintiff, or to any other person, the mortgage sued on; that the mortgage was a forgery, and the acknowledgment false. To this answer the plaintiff filed a reply containing a general denial, and setting up the proceedings had in the case at the April term of the court for 1883 in bar of the claim of defendant.

Trial was had at the October term of the court for 1883, before the court without a jury. The only evidence offered by the plaintiff was the record and journal entry of the trial of the case between himself and K. C. Road, P. McCrea, and M. P. McCrea, his wife, at the April term of the court for 1883. The court took the matter under advisement until the April term of court for 1884. At that time it made a finding that the mortgage was a forgery, and constituted no lien upon the premises, and rendered judgment in favor of the defendant for all costs. The plaintiff excepted to the judgment, and brings the case here.

Plaintiff's claim is that the proceedings had in the suit at the April term of court for 1883 make the matter *res adjudicata* as to defendant Ve Broquet Delcourt, and therefore that the judgment rendered at that term of court is conclusive upon her. Not so. ( *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.*, 12 Kas. 127.) The plaintiff had made Delcourt a party defendant, and she had filed her answer setting up a full and complete defense. The verification to her first answer was defective, but at the April term of court for 1883 plaintiff obtained leave to amend his petition, which was afterward done, and to the petition as amended this defendant filed her answer, properly verified. The case at the April term of court for 1883 was continued as to this defendant until the October term of court for 1883, and she was expressly excepted from the judgment rendered at said April term. At the October term for 1883 the case came on for trial between the plaintiff and this defendant. The latter had put in issue, by her answer, verified by affidavit, the execution of the mortgage sued upon. Upon the pleadings, the burden rested upon the plaintiff to establish that the mortgage had been executed, as alleged in his petition. (Code, §§ 108, 275.) This he wholly failed to do. He merely offered the record and proceedings of the April term of court for 1883, to which proceedings the defendant Delcourt was not a party, nor was she affected thereby. The plaintiff took that judgment at his peril, and the case was continued to the next term as to this

*(margin)* 2. Judgment, when not res adjudicata.

*(margin)* 1. Denying execution of written instrument; burden of proof.

defendant. The default of K. C. Road, P. McCrea and M. P. McCrea, his wife, could not prejudice the rights of Delcourt, or take from her the real estate described in the petition, of which she was the absolute owner. As K. C. Road had sold and parted with all her title to the premises in dispute, she had no interest in contesting the mortgage sued upon, and the case was not tried as against Delcourt at the April term of court for 1883.

The plaintiff has no right whatever to complain of the proceedings of the trial court, and the judgment of the district court must therefore be affirmed.

All the Justices concurring.