REGINA LINCKS, ADMINISTRATRIX OF THE ESTATE OF HENRY W. LINCKS, DECEASED, RESPONDENT, v. ERIE RAILROAD COMPANY, APPELLANT.

Argued November 17, 1921—Decided February 2, 1922.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is a workmen's compensation case. The petitioner's husband was employed by the defendant, as an engine tender or laborer; he was killed on the twenty-fourth day of September, 1914, in the railroad yard of the defendant company in Jersey City by engine No. 513, which was run between Waldwick, New Jersey, and Jersey City, New Jersey. The record shows compensation was awarded the petitioner on December 29th, 1914, by the Common Pleas Court of Hudson county. That judgment was reversed by the Supreme Court, July 6th, 1915. The judgment of the Supreme Court in

turn was affirmed by the Court of Errors and Appeals. 91 N. J. L. 166. In that opinion, it was 'said, the fundamental question to be now decided, is whether the engine upon which the deceased had just finished his work, or that upon which he was about to commence his work, was either of them intended to be presently used in interstate or intrastate commerce. The burden was upon the petitioner in the court of first instance to prove a case within the state statute—that is, to show affirmatively, that the plaintiff's decedent was engaged in a service which was not regulated by the federal statute, for that fact is not to be presumed in the absence of proof.

"Subsequently a suit was commenced in the Circuit Court of Hudson county to recover damages under the federal statute against common carriers engaged in interstate commerce. To this the defendant filed an answer in which it stated that, 'at times it was engaged solely in intrastate commerce within the limits of the State of New Jersey' * * * 'It denies that Henry W. Lincks (the decedent who was the petitioner's husband) was employed by it in interstate commerce.' The Circuit Court on May 13th, 1919, nonsuited the plaintiff. Subsequently on April 16th, 1920, an award of compensation was made by the Court of Common Pleas of Hudson county, in which the record of the above suits was introduced as evidence. The question, therefore, is whether the admissions in the answer by the defendant in the suit for damages in the Circuit Court supplied the requisite proof, under the ruling of the Court of Errors and Appeals. We think the statement of fact in the answer in the Circuit Court is admissible in evidence, as an admission of the fact that the decedent was not engaged at the time of accident in interstate commerce. Mr. Wigmore, in his valuable book on Evidence, at section 1066, says that the pleadings in prior causes, then, can be treated as the parties' admissions, usuable, as evidence in later cases must be conceded. 1 R. C. L. 499, ¶¶ 39, 40. See Bernard v. Adams, No. 82, Supreme Court, February Term, 1921. We also think

this evidence was sufficient to make a *prima facie* case under the state statute and justified the findings of the trial court. The judgment is affirmed, with costs."

For the appellant, *Collins & Corbin.*

For the respondent, *Frank G. Turner.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BERGEN, KALISCH, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 11.

*For reversal*—None.