NEW AMSTERDAM CASUALTY COMPANY, A CORPORA-
TION, PLAINTIFF-RESPONDENT, v. NICHOLAS POPO-
VICH, Sr., AND NICHOLAS POPOVICH, Jr., INDIVIDU-
ALLY AND TRADING AS N. POPOVICH & SON, DE-
FENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued June 22, 1953—Decided July 24, 1953.

Before Judges STEIN, PROCTOR and CONLON.

*Mr. Reuben P. Goldstein* argued the cause for appellants.

*Mr. Arthur E. Dienst* argued the cause for respondent (*Messrs. Waxman & Waxman,* attorneys).

The opinion of the court was delivered by
STEIN, S. J. A. D. (temporarily assigned). This appeal is from a summary judgment entered in the Superior Court, Law Division, Essex County, pursuant to *Rule* 3:56 in favor of the plaintiff and against the defendants Nicholas Popovich,

Sr., and Nicholas Popovich, Jr., individually and trading as N. Popovich & Son, in a suit in which the plaintiff sought contribution from the defendants. The plaintiff issued a workmen's compensation and employer's liability insurance policy to Kramer Brothers Freight Lines, Inc. The defendants were the owners of a tractor, and on July 1, 1950, had in their employ one Wesley M. Mason. On that date Mason was operating the Popovich tractor, to which was attached a trailer owned by the Kramer company, and while so doing was involved in an accident which caused his death.

Two separate petitions for compensation were filed in the Workmen's Compensation Division, one against the present defendant and the other against Kramer, the plaintiff's assured. The two petitions were consolidated for trial. Each respondent in the compensation proceedings in effect denied employment of the decedent at the time of the accident. The deputy director who heard the matter found in favor of the decedent's infant daughter against both Popovich and Kramer and awarded her $24.50 a week until her eighteenth birthday, a total of $22,932. He based his ruling upon a finding of fact that both Popovich and Kramer were engaged in a joint venture and that both respondents were "jointly and equally liable."

Upon the entry of the judgment in the Division, the daughter's guardian proceeded, pursuant to *R. S.* 34:15–84, against the New Amsterdam Casualty Company (the plaintiff herein) to compel payment of the award on the ground that it had issued a workmen's compensation insurance policy to the Kramer company. In those proceedings a judgment was entered requiring the New Amsterdam Casualty Company to pay the award. Under that judgment the New Amsterdam Casualty Company has paid the weekly payments as they became due, together with costs and counsel fees, and will be obligated to continue making weekly payments until the entire award has been paid. The New Amsterdam Casualty Company brought the instant suit to secure contribution from the Popoviches to the extent of one-half the payments already made.

The defendants filed an answer in the instant cause denying that they were the employers of the decedent at the time of the accident, and denying any obligation to make contribution. The plaintiff moved for summary judgment. In opposition to the motion, the defendants submitted affidavits indicating that at the time of the fatal accident, the decedent was subject to the direction and control of the Kramer company, and that he was not, in contemplation of law, acting in the course of his employment with the Popoviches at the time.

The trial court entered summary judgment in favor of the plaintiff for one-half the sums already paid on account of the said award. The learned trial court held that the common-law rule prescribing contribution between joint tortfeasors (since changed by *N. J. S. 2A:53A–3*) was not applicable here because an employer's liability under our Workmen's Compensation Act rests not upon tort but upon contract; that the plaintiff insurance carrier succeeded to the rights of its assured against the co-employer; and that "the joint status of these co-employers was of integral relevance in the Workmen's Compensation Bureau litigation from the judgment in which no appeal was taken, all involved parties having been effectively before the court in the legal sense, and the status of equality so adjudicated is *res adjudicata* as to that element."

We agree with the conclusion of the trial court that the common-law rule denying contribution between joint tortfeasors is not applicable here. The right of an injured employee to recover workmen's compensation arises not *ex delicto* but by reason of a statutory contract. *Danek v. Hommer*, 9 *N. J.* 56 (1952). The trial court, however, erred in holding that the judgment of the Workmen's Compensation Division was *res judicata* of the rights of the two respondents *inter sese*.

*In limine* we note that the Division of Workmen's Compensation of the Department of Labor is not a court. It is a *quasi*-judicial division of a department of the executive branch of the government. *Mulhearn v. Federal Shipbuild-*

*ing and Dry Dock Co.*, 2 *N. J.* 356 (1949). Its authority is strictly limited by the statute creating it. *R. S.* 34:15 *et seq*. This is not to say that a judgment of the Division of Workmen's Compensation may not properly be pleaded as a basis for the application of the doctrine of *res judicata. Mangani v. Hydro, Inc.*, 119 *N. J. L.* 71 (*E. & A.* 1937). To the extent that any determination made by it is confined to the authority granted to it by law, such determination cannot be collaterally assailed. Nowhere does that statute confer upon the Division the power or authority to adjudicate between two respondents to those proceedings *inter sese.* It does, of course, have the authority to determine the rights of a petitioner as against one or more respondents but it cannot pass upon the rights or obligations of the respondents as against each other. Clearly, therefore, the decision of the Workmen's Compensation Division cannot be deemed to be final and conclusive as between the parties before us.

But even if the Division were a court instead of an administrative tribunal, its determination could not be binding upon the instant parties. "Where a court has incidentally determined a matter which it would have had no jurisdiction to determine in an action brought directly to determine it, the judgment is not conclusive in a subsequent action brought to determine the matter directly." *Restatement of the Law of Judgments*, § 71. Here, in order to indicate from whom the petitioner could collect her award, the Division of necessity was required to determine the common liability of both respondents *to the petitioner.* It lacked the power, however, to adjudicate that liability between the respondents themselves. Indeed, the Workmen's Compensation Act is devoid of any provision for the filing of a counterclaim or crossclaim of any kind.

In the case of *Pearlman v. Truppo*, 10 *N. J. Misc.* 477, 159 *A.* 623, 624 (*Sup. Ct.* 1932), Justice (then Judge) Ackerson said:

"It is fundamental and universal that the former judgment proffered as *res adjudicata* in a subsequent suit must have been rendered in an action in which the parties to the subsequent suit were

adverse parties. What is meant by adverse parties scarcely needs definition. Its significance is apparent from the expression itself. They must be opposite parties to an issue between them. The issue must be proffered by one and controverted by the other. They must be arrayed on opposite sides of the issue which must be raised by appropriate cross-pleadings between the defendants themselves, so that each may have control of the proceedings to enable him to exhaust the question of liability *inter sese*. It is not enough that they, by their separate answers, deny liability and claim that the accident was due to the negligence of the other as such pleading only goes to answering the claim of the plaintiff and tenders no issue to which the other defendant may demur or reply to or join issue upon so as to settle the liability one to the other."

The rule annunciated by Justice Ackerson is supported by the great weight of authority in this country. Mr. Freeman, in his scholarly treatise on the *Law of Judgments* (*5th ed.*), § 422 says:

"Parties to a judgment are not bound by it, in a subsequent controversy between each other, unless they were adversary parties in the original action. There must have been an issue or controversy between them."

See also *Black on Judgments* (*2nd ed.*), § 599; *Van Fleet on Former Adjudication*, § 256; *Bigelow on Estoppel* (*6th ed.*), *p.* 113; and *Chand on Res Adjudicata*, § 77. In Bigelow's text, *supra*, the author epitomizes the rule as follows:

"Judgment against several defendants cannot, however, determine the rights of the defendants *inter sese*. Thus, if judgment be given against several co-contractors, and satisfaction is obtained by one of them, he cannot use the judgment as binding evidence against the others of their liability to him to contribute."

A great many authorities on both sides of the subject have been collected in an annotation appearing in 101 *A. L. R.* 104, *et seq.*

Among the cases tending to sustain the doctrine announced by the text-writers and cases above considered, see *Warren v. Boston & M. R. Co.*, 163 *Mass.* 484, 40 *N. E.* 895 (*Sup. Jud. Ct.* 1895); *Harvey v. Osborn*, 55 *Ind.* 535 (*Sup. Ct.* 1877);

*Voss v. Lewis,* 126 *Ind.* 155, 25 *N. E.* 892 *(Sup. Ct.* 1890); *Buffington v. Cook,* 35 *Ala.* 312, 73 *Am. Dec.* 491 *(Sup. Ct.* 1859); *Montgomery v. Road,* 34 *Kan.* 122, 8 *Pac.* 253 *(Sup. Ct.* 1885); *Pioneer Sav. & L. Co. v. Bartsch,* 51 *Minn.* 474, 38 *Am. St. Rep.* 511, 53 *N. W.* 764 *(Sup. Ct.* 1892); *Rudd v. Cornell,* 171 *N. Y.* 114, 63 *N. E.* 823 *(Ct. App.* 1902); *Wagstaff v. Marcy,* 25 *Misc.* 121, 54 *N. Y. Supp.* 1021 *(Sup. Ct.* 1898); *Conwell v. Thompson,* 50 *Ill.* 329 *(Sup. Ct.* 1869); *Koelsch v. Mixer,* 52 *Ohio St.* 207, 39 *N. E.* 417 *(Sup. Ct.* 1894).

We think it must be held that an award in the Workmen's Compensation Division against several co-employers is not *res judicata* of their rights *inter sese* in a subsequent action between them for contribution.

Judgment reversed.