31 N.J. Super. 514 (1954)
107 A.2d 345
NEW AMSTERDAM CASUALTY COMPANY, A CORPORATION, PLAINTIFF-APPELLANT,
v.
NICHOLAS POPOVICH, SR., AND NICHOLAS POPOVICH, JR. INDIVIDUALLY AND TRADING AS N. POPOVICH & SON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 28, 1954.
Decided July 29, 1954.
*516 Before Judges EASTWOOD, FRANCIS and FREUND.
Mr. Harry Schaffer argued the cause for the plaintiff-appellant (Messrs. Waxman & Waxman, attorneys).
Mr. Reuben P. Goldstein argued the cause for the defendants-respondents.
The opinion of the court was delivered by FREUND, J.A.D.
This is an appeal by the plaintiff, New Amsterdam Casualty Company, from a judgment of no cause of action entered upon a jury verdict at the second trial of this case. A summary judgment in favor of the plaintiff entered at the first trial had been reversed, New Amsterdam Casualty Company v. Popovich, 27 N.J. Super. 40 (App. Div. 1953). The plaintiff now charges that on the retrial, the court erred in the exclusion of evidence and in refusing to charge various requests.
The action seeks contribution for one-half of the payments made by the plaintiff pursuant to a judgment of the Union County Court based upon a judgment of the Workmen's Compensation Division against the plaintiff's assured and the defendants as joint employers. These are the circumstances:
Wesley M. Mason was operating a tractor owned by the defendant, N. Popovich & Son, to which was attached a trailer owned by Kramer Brothers Freight Lines, Inc., the plaintiff's assured. He was killed as the result of an accident which occurred in Pennsylvania enroute from Ohio to New *517 Jersey, and was survived by a child. Two petitions for dependency benefits were filed in the Workmen's Compensation Division; one against the defendants, and the other against Kramer Brothers Freight Lines. The verified answer of Popovich admitted employment of the decedent, but denied jurisdiction of the New Jersey Workmen's Compensation Division, because "the said claim comes within the * * * Federal Employers Liability Act." Kramer, in its answer, denied both employment and jurisdiction because allegedly the hiring and the accident occurred outside New Jersey. The petitions were consolidated for trial. After hearings, the deputy director determined that the decedent was employed in this State; that the plaintiff's assured and the defendants were "engaged in a joint venture * * *, that both * * * are jointly and equally liable," and awarded $24.50 weekly to the decedent's child until she attains the age of eighteen years. Accordingly, a judgment totalling $22,932 was entered against both.
Thereafter, a petition was filed in the Union County Court on behalf of the child against the plaintiff, New Amsterdam Casualty Company, as Kramer's insurance carrier, pursuant to the provisions of R.S. 34:15-84, and thereafter a judgment based on the award of the Workman's Compensation Division was entered against the insurance carrier. The instant suit was brought to secure contribution of one-half the payments made by the plaintiff pursuant to the judgment, on the ground that it became subrogated to its insured's rights.
At the first trial, the court entered summary judgment in favor of the plaintiff, holding that the judgment of the Workmen's Compensation Division was res judicata. Upon appeal, there was a reversal on the ground that the judgment was not res judicata as to the rights of the parties inter sese. In the opinion, 27 N.J. Super. 40, the Appellate Division declared that while a judgment in a workmen's compensation proceeding is res judicata between the petitioner and the respondent, Mangani v. Hydro, Inc., 119 N.J.L. 71 (E. & A. *518 1937), "an award in the Workmen's Compensation Division against several co-employers is not res judicata of their rights inter sese in a subsequent action between them for contribution." [27 N.J. Super. 40.]
The record before us does not disclose any application to the Supreme Court for certification and we assume that none was made. The Supreme Court not having passed upon the legal propriety of the reversal of the summary judgment, we recognize the opinion of the Appellate Division as the law of the case. However, because we entertain some doubt as to whether we would have decided the issue in the same way, we wish to point out that we neither approve nor disapprove that opinion.
In the instant action, the defendants in their answer deny the employment of the decedent, and the pretrial order contains neither an admission nor a denial thereof. The proceedings and judgment of the Workmen's Compensation Division are admitted, "but as to the contents of that judgment" the plaintiff is left to its proof and the defendants deny liability for contribution as a matter of law.
At the trial, the plaintiff, as a basis for its claim, offered into evidence certified copies of the pleadings and award in the Workmen's Compensation Division. The plaintiff's counsel stated that the purpose of the proffer of the petition and the answers of the defendants was to prove that the decedent was their employee and specifically called the court's attention to the following question and answer sworn to by the defendant, Nicholas Popovich, Sr.: "6. Was the decedent in your employ at the time of the alleged accident? Yes."
The defendants objected to the admission of the documents into evidence on the ground of immateriality because they were preliminary to the judgment in the Union County Court against the plaintiff. The trial judge sustained the objection, conceiving that because the opinion of the Appellate Division, supra, declared that the judgment of the Workmen's Compensation Division was not res judicata on the rights of the respondents, inter sese, in that proceeding, who here are *519 the plaintiff's assured and the defendants, admission into evidence of the pleadings and award in the compensation proceeding was precluded. Later, when the defendant, Nicholas Popovich, Sr., was called as a witness, he testified that the decedent was not in his employ, and the plaintiff again offered his sworn answer into evidence and to read the above quoted question and answer; but the defendants' objection was again sustained.
We fear that the trial judge misinterpreted the opinion of the Appellate Division and perceived a limitation which is not to be found in it. Although in case of death a judgment in favor of an employee or his dependent against joint or co-employers may not be res judicata in a subsequent proceeding between the joint or co-employers for contribution because they were not adversaries in the compensation action, nevertheless, the pleadings and award are evidential in a subsequent action. Because a judgment is not conclusive as to the rights of some parties does not render the pleadings, statements or admissions made in that action inadmissible in other proceedings.
"Contribution is an equitable principle of equality in the sharing of a common burden arising out of contract or status, to enforce restitution and prevent unjust enrichment, that at common law does not extend to persons in equal or mutual fault." Pennsylvania Greyhound Lines v. Rosenthal, 14 N.J. 372 (1953). The onus of proof of the common burden is on the plaintiff. Sattelberger v. Telep, 14 N.J. 353, 367 (1954).
It was incumbent upon the plaintiff to establish that the decedent was the defendant's employee. The answer filed by the defendants in the workmen's compensation action which specifically admitted the fact was clearly admissible. A statement of fact in a pleading in a prior cause can be treated as an admission in subsequent litigation. Freeman v. Ackerson, 94 N.J.L. 308 (Sup. 1920); Lincks v. Erie R.R. Co., 97 N.J.L. 343 (E. & A. 1922); Wigmore on Evidence (3d ed.), Vol. IV, § 1066; 31 C.J.S., Evidence, *520 § 302, pages 1073-1075. Prior assertions made in pleadings or evidence which are inconsistent with or contradictory of present claims are admissible under the principle of self-contradiction.
The fact that the plaintiff became directly obligated to pay the workmen's compensation award by the judgment of the Union County Court does not affect the admissibility of the workmen's compensation pleadings. The County Court judgment does not impair, affect or disturb the judgment of the Workmen's Compensation Division. The County Court judgment was entered pursuant to statute, R.S. 34:15-84, which enables an injured employee or his dependents, in an appropriate case, to obtain a judgment against the compensation insurance carrier of the employer. In effect, it provides the employee and his dependents with an additional source for the satisfaction of the compensation judgment as though the insurance company was also a defendant, but it does not per se diminish or detract from the force and effect of the basic compensation award, nor affect the rights of the parties inter sese.
For all these reasons, the exclusion of the pleadings from evidence was erroneous. It is unnecessary to discuss the other points raised.
Judgment reversed.