45 N.J. Super. 333 (1957)
132 A.2d 555
ADELINE B. STAFFORD, PETITIONER-APPELLEE,
v.
UNITED STATES ENVELOPE CO., SEABOARD DIVISION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Middlesex County Court, Law Division.
Decided June 5, 1957.
*335 Mr. Joseph P. Rose appeared for petitioner-appellee (Mr. Erwin I. Meyer, attorney).
Mr. John W. Taylor, attorney for respondent-appellant.
MORRIS, J.C.C.
This is an appeal from that part of a determination, award and rule for judgment signed by Deputy Director Harry S. Medinets on December 14, 1956, wherein it was adjudicated that if the need for further rehabilitation arose such is to be provided by the New Jersey Rehabilitation Commission and charged to respondent-appellant, which, for the purpose of this appeal, concedes that petitioner-appellee suffered compensable injury by accident and that her disability therefrom is as set forth in the above mentioned determination, award and rule for judgment. By stipulation between the parties the filing of all medical exhibits was waived and respondent-appellant has paid compensation pursuant to the terms of the determination, award and rule for judgment entered in the Division of Workmen's Compensation.
After fixing disability which had been stipulated to be the only issue, the deputy director ordered:
"I further find that the petitioner's condition properly warrants rehabilitation in order to assist her in adjusting herself to existing conditions and that such rehabilitation may be supplied in the form of counsel, advices and any directions offered by the New Jersey Rehabilitation Commission with the further provision that any expenses in connection with same be chargeable to respondent."
It is with this finding that respondent-appellant takes issue.
The Division of Workmen's Compensation is a creature of the statute, with special and limited jurisdiction, and is invested only with such authority as is expressly conferred or such as is by fair implication and intendment incident to and included in the authority granted for the enforcement of the statute; and any reasonable doubt of the existence of a particular power is to be resolved against the exercise of authority. P. Bronstein and Co., Inc., v. Hoffman, 117 N.J.L. 500 (E. & A. 1936). Where it *336 transcends its jurisdiction, the action is a nullity, Nagy v. Ford Motor Company, 6 N.J. 341 (1951).
The only provision in the Workmen's Compensation Act relative to rehabilitation is contained in N.J.S.A. 34:15-12(b), which applies only to cases of disability total in character and permanent in quality and hence without application here, and even in those cases no authority is provided for charging the cost of rehabilitation to the employer.
The extent of an employer's responsibility to provide medical care is contained in N.J.S.A. 34:15-12, and even in situations arising thereunder the employer is afforded an opportunity to be heard. Nowhere in this section of the statute is there any suggestion of a responsibility on the part of an employer to furnish rehabilitation or a duty to pay for the same.
Even if the deputy director had authority to order rehabilitation there was no present issue between the parties with respect thereto. A court of original general jurisdiction, criminal or civil, at law or equity, cannot enter a judgment which is beyond the claim asserted or which in its essential character is not responsive to the cause of action on which the pleading was based. Sattelberger v. Telep, 14 N.J. 353 (1954); Grobart v. Society for Establishing Useful Manufactures, 2 N.J. 136 (1949).
Although the Division of Workmen's Compensation is part of the administrative rather than of the judicial branch of the government, a determination by it has most of the attributes of a final judgment and concludes the parties on all questions of law and fact, as comprehended by the determination Estelle v. Board of Education of Borough of Red Bank, 26 N.J. Super. 9 (App. Div. 1953). Furthermore, N.J.S.A. 34:15-58 provides that a copy of the decision, award, determination and rule for judgment or order approving settlement may be filed with the county clerk, and when so filed shall have the same effect and may be collected and docketed in the same manner as judgments rendered in causes tried in the County Court.
*337 I am satisfied, and I so find that the right arbitrarily to order further rehabilitation and to charge the cost of same to respondent-appellant is not only a power neither expressly nor impliedly granted by the Workmen's Compensation Act, but is also an order repugnant to that portion of the act providing for medical and hospital services and giving the employer the opportunity to be heard with respect thereto; and that the Division of Workmen's Compensation has transcended its jurisdiction and its action in that respect is a nullity. Even assuming its authority to order rehabilitation in certain cases, as appears from the pleadings, the stipulations of counsel and the statement of the deputy director himself, there was no present issue between the parties with respect thereto and hence he has gone beyond the only issue raised, and for this reason also his action is a nullity. It is also apparent that whether or not there will ever be any future costs for rehabilitation must remain pure speculation. Obviously, the judgment as it stands is incapable of being satisfied, and thus a warrant for satisfaction of judgment cannot be obtained by respondent-appellant, thus leaving on record an unsatisfied judgment, to the very real detriment of respondent-appellant.
For the reasons above set forth it is ordered that the determination, award and rule for judgment heretofore entered by the Division of Workmen's Compensation be and hereby is modified in accordance with my findings by the elimination of that part thereof which reads as follows:
"I further find that the petitioner's condition properly warrants rehabilitation in order to assist her in adjusting herself to existing conditions and that such rehabilitation may be supplied in the form of counsel, advices and any directions offered by the New Jersey Rehabilitation Commission with the further provision that any expenses in connection with same be chargeable to respondent."