57 N.J. Super. 335 (1959)
154 A.2d 733
A. THOMAS MARRO, APPELLANT,
v.
DEPARTMENT OF CIVIL SERVICE, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1959.
Decided October 9, 1959.
*338 Before Judges GOLDMANN, FREUND and HANEMAN.
Mr. Bernard A. Campbell argued the cause for appellant.
Mr. Theodore I. Botter, Deputy Attorney General, argued the cause for respondent (Mr. David D. Furman, Attorney General, attorney; Mr. Botter, of counsel).
*339 The opinion of the court was delivered by GOLDMANN, S.J.A.D.
This is an appeal from a decision of the Civil Service Commission affirming the removal of appellant Marro from his position as rehabilitation counsellor in the Rehabilitation Commission  Disability Determination Service, New Jersey Department of Labor and Industry.
The facts are not in dispute. On June 4, 1958 appellant requested a leave of absence from July 14 to November 14, 1958. He submitted a physician's certificate stating that he was suffering from hypertension and recommending at least four months' rest away from the type of work he was performing. The leave was granted, without pay. Marro's regular paid vacation was scheduled to run from June 25 to July 11, inclusive, and would dovetail over the weekend of July 12-13 with the commencement of his leave of absence on July 14. He worked Monday, June 16, but his wife called the following day and said he was sick and would not be in to work. Nothing further was heard from him for the next six working days. He began his vacation (on June 25) and, eventually, his leave of absence, without further notification to his superiors. They received no word about his condition or whereabouts until they learned in July that he was employed in a similar position by the State of California.
It was subsequently discovered that appellant had made application for employment to various states as early as October 1957. Early in 1958 he received an offer of employment from the State of California, and on March 27, 1958 he wrote the officials there stating he was "available immediately" and was trying to purchase an automobile. Among other correspondence, he again wrote the California authorities on May 14 that he would begin work June 30. Appellant entered upon his official duties in California on that date.
After learning of the California employment, the Director of the Rehabilitation Commission sent a registered letter to appellant at his New Jersey residence on July 29, 1958, *340 notifying him that his leave of absence was cancelled and that he was to report for duty on August 1. Marro learned of this notice by telegram from his wife, flew back home and reported for work on August 1. At that time he was served with Civil Service Form CS31A, "Preliminary Notice of Disciplinary Action," notifying him that he was removed from the position of rehabilitation counsellor until a departmental hearing could be held.
The charges preferred in this notice concerned appellant's misrepresentation in obtaining a medical leave of absence and then taking employment in an almost identical position in the California Vocational Rehabilitation Service. The preliminary notice stated that this "constitutes fraudulent conduct on your part and justifies your removal under Civil Service Rules 59(g) conduct unbecoming an employee in the public service; 59(i) disorderly or immoral conduct; and 59(j) willful violation of any of the provisions of the Civil Service statutes, rules or regulations."
These charges were heard on August 22, 1958. Marro presented his defense, but no decision was rendered. Subsequently, on September 25, 1958, the appointing authority filed and served an "Amended Preliminary Notice of Disciplinary Action (CS31A)," incorporating the charges set out in the original preliminary notice of August 1, and adding charges of neglect, inefficiency and incompetency. There was a hearing on the amended notice on October 3, at which time Marro appeared but refused to present a defense. In a determination dated October 7, 1958, the hearing officer found all the charges had been proved. The Rehabilitation Commission Director, after reviewing the file and the evidence, concurred and removed appellant from his position. Marro was notified of this determination on Civil Service Form CS31B, "Final Notice of Disciplinary Action," a copy of which was sent to the Civil Service Department and received there the next day.
This final notice informed Marro that he was removed from his position of rehabilitation officer, effective August 4, *341 1958, all charges having been sustained. The reasons for dismissal were set out at length, carefully divided into two sections: (1) those set out in the preliminary notice of August 1, reproduced verbatim, and (2) those set out in the amended preliminary notice of September 25, also reproduced verbatim.
Marro then appealed to the Civil Service Commission, which proceeded to hold a full hearing. The hearing commissioners ruled against any consideration of the supplemental charges preferred in the September 25 amended preliminary notice, taking the position that since they related entirely to appellant's work performance earlier in the year, before he had even applied for his leave of absence, and all the facts had been available to the Rehabilitation Commission, they should properly have been brought at the time of the original charges. The Civil Service hearing was thus limited to the charges set out in the original preliminary notice, relating to the California employment and the circumstances of Marro's leave of absence. The Commission found that the proofs did not sustain the claim of disorderly or immoral conduct, and therefore dismissed the charge of violating Civil Service Rule 59(i). It sustained the action of the appointing authority on the basis of the original charges, stating that it was "convinced that Marro had acted in bad faith in obtaining a four months' leave of absence for medical reasons and then obtaining employment in California, for which he was also paid by the State of New Jersey on his vacation time," and that the appointing authority had acted properly in removing him from his position for violating Civil Service Rule 59(g) and (j). Marro thereupon appealed to this court.
We first dispose of a preliminary point raised by appellant  that the Rehabilitation Commission Director acted improperly when he cancelled the leave of absence on July 29, 1958 without first obtaining the approval of the President of the Civil Service Commission. We find nothing in the argument. While Civil Service Rule 55(e) provides that *342 a leave of absence without pay may be granted with the approval of the appointing authority and the President of the Civil Service Commission  and this procedure was followed in granting Marro's leave  it is silent as to the method of cancellation. The leave was cancelled only when it became apparent that the reason for the leave, Marro's need of a four-month rest from his work, did not exist. Obviously, he was not incapacitated from performing his duties when he could work in a similar position in California. It was not only the right but the duty of the Director to cancel the leave immediately upon learning of the misrepresentation.
Absent a specific procedure for cancelling a leave of absence, the power to do so must reside in the appointing authority. Administratively, that is the only logical place for the power to rest. Marro was at all times subject to the control of the Rehabilitation Commission Director, his superior. He now claims that to hold that the Director had the power to cancel the leave of absence would set a bad precedent, for it would expose civil servants to the capricious whim of their superiors. Not so; there is a right of appeal to the Civil Service Commission in case of discrimination. N.J.S.A. 11:5-1(d).
In any event, cancellation of the leave has nothing whatsoever to do with the main issue: Was Marro served with proper charges, given a full hearing, and removed from his position for valid reasons? If so, the cancellation question is of no moment.
Appellant next challenges the preliminary notice of August 1, 1958 because it recited that he was "removed" from his position. He claims that the removal was therefore at once effective, and thus invalid because he had not been given a hearing. We find no merit in the contention. True, as one of the hearing commissioners observed, it would have been more accurate for the appointing authority to have indicated, in the place provided on the preliminary notice, that Marro was "suspended" pending hearing. However, there can be no question but that Marro completely understood *343 the significance of the notice, and that it amounted to nothing more than a suspension. The title of Form CS31A indicates the status of the proceedings; it is a preliminary notice, a notice of intended action  action to be taken after opportunity to answer and be heard is given the employee.
Item 1 of CS31A contains several boxes, labeled "Suspended," "Removed," "Demoted," "Fined." But the language preceding the boxes clearly states: "You are hereby notified that, pending hearing, you are: * * *." There is not the slightest doubt that appellant's "removed" status in the interim was in effect a suspension prior to final removal or reinstatement. The CS31A form, item 2, emphasizes the preliminary nature of the action: "Before final action is taken in this case a hearing will be held, at the time and place stated below, at which time you may appear to offer any evidence or testimony in your defense."
We conclude that the preliminary notice gave Marro clear notice of the intent of the appointing authority. The procedure followed complied with R.S. 11:15-3 dealing with the form to be used, and is the procedure regularly used under the Civil Service rules. Form CS31A in its entirety can only be read as notice that removal was the intended final action, and not the intermediate status of appellant.
R.S. 11:15-1 et seq., as amended, is the basis of the Civil Service Commission's jurisdiction over removals. The very nature of the present case indicated that it was a proper subject for the exercise of the Commission's jurisdiction. Appellant nevertheless claims that the Commission was without jurisdiction because of the irregularities about to be mentioned. However, it was appellant himself who invoked that jurisdiction, and he may not question it except as to jurisdiction over the subject matter. Cf. 21 C.J.S., Courts, § 108, p. 162 (1940); Parks v. Common Council of Rahway, 110 N.J.L. 366, 368 (Sup. Ct. 1933).
The Commission's jurisdiction is first questioned because, appellant claims, the appointing authority failed to *344 give the Commission any notice of the disciplinary action taken, as required by N.J.S.A. 11:22-38. The record completely destroys this contention. The Final Notice of Disciplinary Action (CS31B) was immediately sent to and received by the Civil Service Department. Indeed, the receipt of that notice was specifically mentioned in the course of the hearing.
Appellant next argues that the Commission lacked jurisdiction because the appointing authority did not in fact take any action or render any decision on the original charges of August 1, 1958, and therefore the decision here on appeal, affirming the Rehabilitation Commission Director's action in removing Marro, amounted to nothing more than an attempt to give legal effect to a nullity. The contention is baseless in fact and in law. As we have seen, Marro was first served with charges dated August 1, 1958. There was a hearing. He was then served with amended charges dated September 25, 1958, setting forth as reasons, under two heads, those set forth in the original preliminary notice, and then adding charges of neglect, inefficiency and incompetency in performing his duties. The appointing authority, as is expressly set out in the Final Notice of Disciplinary Action, sustained both sets of charges, setting out as reasons for dismissal the charges contained in the original preliminary notice and then those contained in the amended notice. Thus, the appointing authority, after full hearing, clearly found the original charges had been sustained and, in addition, the added charges. The Civil Service Commission chose to limit its hearing to the original set of charges. These, and the appointing authority's removal based thereon provided a firm basis for the exercise of the Commission's jurisdiction.
Appellant incidentally raises the question of whether the appointing authority had the right to amend the original charges by filing and serving an amended preliminary notice. The issue is academic since the Civil Service Commission, in the clearest fashion, limited its hearing to the August 1, 1958 charges only. Accordingly, we do not pass on the *345 question of whether additional charges could have been filed, served and heard.
Appellant's final contention is that the Civil Service Commission did not have the power to try an action grounded in fraud. The argument is that under the Civil Service Act the powers of the Commission are limited to investigations and hearings relative to alleged violations of the act, and problems relating to veterans' tenure, citing Swede v. Clifton, 39 N.J. Super. 366, 374 (App. Div. 1956), affirmed 22 N.J. 303 (1956). Although not completely spelled out, what appellant is apparently arguing is that the hearing before the Civil Service Commission was a trial for criminal fraud. The argument is clearly specious. As the Attorney General points out, while the elements of misrepresentation shown in the hearing may have constituted evidence of criminal fraud, such was not the nature of the charges brought against Marro. His removal was upheld by the Commission on a clear finding of violation of Civil Service Rule 59(g), conduct unbecoming an employee in the public service, and (j), willful violation of any of the provisions of the Civil Service statutes, rules and regulations. Finding appellant guilty of a crime was not a necessary prerequisite to these conclusions, and the Commission did not presume so to determine. See Borough of Park Ridge v. Salimone, 21 N.J. 28, 39-40 (1956). In the circumstances, the Swede case gives no support to appellant's argument; it stands for the proposition that the Commission has jurisdiction to pass upon violations of its own rules. Ballurio v. Castellini, 29 N.J. Super. 383 (App. Div. 1954), also cited by appellant, is not relevant.
We find no procedural irregularities in the proceeding here under review. But assuming the presence of such irregularities, they were not prejudicial so as to constitute grounds for reversing the Civil Service Commission's decision. The proceeding before the Commission was a de novo hearing; it was an independent hearing and a determination on the merits. R.S. 11:15-5; East Paterson v. Civil Service Department, 47 N.J. Super. 55, 64 (App. Div. 1957).
*346 Appellant received proper notice of all charges against him and had a fair and ample opportunity to present a defense before the appointing authority. He participated fully before the Commission. Its decision on the merits is amply sustained by the evidence  and we note that appellant nowhere questions that this is so. Nor does he contend he was denied notice of the charges against him, a fair opportunity to present his defense, and a fair hearing. Under the circumstances (and still assuming there may have been some procedural irregularity) we find appellant's contentions on this appeal insubstantial and without a showing of prejudice to his rights.
The policy of our courts in reviewing Civil Service decisions has been that we will not upset the action of the Commission in the absence of an affirmative showing that it was arbitrary, capricious or unreasonable, or not supported by the evidence, or that the Commission disregarded or failed to recognize the legislative policies enunciated in the Civil Service Act. Greco v. Smith, 40 N.J. Super. 182, 184-5 (App. Div. 1956).
Accordingly, we conclude that the Civil Service Commission properly exercised its jurisdiction to hear the appeal and correctly decided it on the merits, upholding the removal on two of the charged violations of Civil Service Rule 59 which the appointing authority found were substantiated. The fact that the Commission did not uphold all of the charges  in this case the third one, violation of Civil Service Rule 59(i), disorderly or immoral conduct  does not affect the validity of the removal. In re Cohen, 56 N.J. Super. 502 (App. Div. 1959); and see the Salimone case, referred to above.
The decision of the Civil Service Commission is affirmed.