125 N.J. Super. 78 (1973)
308 A.2d 386
JAMES J. BONAFIELD, PLAINTIFF,
v.
WILLIAM T. CAHILL, INDIVIDUALLY AND AS GOVERNOR OF THE STATE OF NEW JERSEY, AND RONALD M. HEYMANN, INDIVIDUALLY AND AS COMMISSIONER OF THE DEPARTMENT OF LABOR AND INDUSTRY OF THE STATE OF NEW JERSEY, AND JOHN J. FRANCIS, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided July 24, 1973.
*79 Mr. Daniel E. Isles for plaintiff (Messrs. Isles & Weissbard, attorneys).
Mr. Morton I. Greenberg, Assistant Attorney General of New Jersey, for defendants (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
KIMMELMAN, J.S.C.
On June 21, 1973 the Commissioner of the Department of Labor and Industry, acting pursuant to orders from the Governor, suspended James J. Bonafield from his position as judge of compensation of the Division of Workmen's Compensation. The suspension was based on a charge that Judge Bonafield had engaged in the practice of law in violation of N.J.S.A. 34:15-49. Judge Bonafield now seeks a judgment vacating the suspension, restoring him to office with back pay, and restraining the Governor and his agents from conducting a removal hearing pursuant to N.J. Const. (1947) Art. V, § IV, par. 5. It is asserted that Judge Bonafield is a judicial officer entitled to hold his office during good behavior and that he may only be removed by impeachment pursuant to the provision of N.J. Const. (1947) Art. VII, § III. The Attorney General of New Jersey, on behalf of defendants, *80 moves to dismiss the complaint or, in the alternative, for summary judgment on the grounds that the court lacks jurisdiction over this matter since plaintiff is not a judicial officer and has failed to exhaust his administrative remedies.
N.J. Const. (1947) Art. V, § IV, par. 5 provides:
The Governor may cause an investigation to be made of the conduct in office of any officer or employee who receives his compensation from the State of New Jersey, except a member, officer or employee of the Legislature or an officer elected by the Senate and General Assembly in joint meeting, or a judicial officer. He may require such officers or employees to submit to him a written statement or statements, under oath, of such information as he may call for relating to the conduct of their respective offices or employments. After notice, the service of charges and an opportunity to be heard at public hearing the Governor may remove any such officer or employee for cause. Such officer or employee shall have the right of judicial review, of both the law and the facts, in such manner as shall be provided by law.
Pursuant to this constitutional authority the Governor has issued Executive Order No. 47 as follows:
WHEREAS, the New Jersey State Commission of Investigation has investigated the faithful execution and effective enforcement of the laws with respect to workmen's compensation; and
WHEREAS, during the course of said investigation the New Jersey State Commission of Investigation has received sworn testimony and documentation alleging that James J. Bonafield, Judge of Compensation, engaged in the practice of law in violation of R.S. 34: 15-49 between January, 1970 and July, 1972 and has falsely certified on a Department of Labor and Industry questionnaire in March of 1970 that he was not engaged in any outside profession while acting as a Judge of Compensation; and
WHEREAS, said testimony and documentation has been brought to the attention of the Executive Branch of Government by the New Jersey State Commission of Investigation pursuant to P.L. 1968, c. 266, sec. 8 (C.52:9M-8); and
WHEREAS, Article V, Section IV, paragraph 5 of the Constitution of New Jersey gives me the authority to investigate and take disciplinary actions against persons who receive remuneration from the State; and
WHEREAS, I directed Ronald M. Heymann, the Commissioner of the New Jersey Department of Labor and Industry, to review the sworn testimony and documentation which was presented before *81 the New Jersey State Commission of Investigation and which was related to the unauthorized practice of law by James J. Bonafield; and
WHEREAS, I determined it to be contrary to the public interest for a Judge of Compensation to continue acting in his official capacity pending investigation and therefore directed the suspension of James J. Bonafield from all official duties pending said investigation; and
WHEREAS, Commissioner Ronald M. Heymann has now reviewed the sworn testimony and documentation presented before the New Jersey Commission of Investigation with regard to the unauthorized practice of law by said James J. Bonafield; and
WHEREAS, Commissioner Ronald M. Heymann has now formally charged said James J. Bonafield with engaging in the practice of law while acting as Judge of Compensation during the period from January, 1970 to July, 1972 in violation of R.S. 34:15-49, with acquiescing and fraudulent conduct to conceal the unauthorized practice of law by said James J. Bonafield during the period from January, 1970 to July, 1972 and with falsely certifying a Department of Labor and Industry questionnaire in March of 1970 that said James J. Bonafield was not engaged in any outside profession while acting as a Judge of Compensation,
NOW, THEREFORE, I, WILLIAM T. CAHILL, Governor of the State of New Jersey, by virtue of the authority vested in me by the Constitution and Statutes of this State, do hereby ORDER and DIRECT:
1. Ronald M. Heymann, Commissioner of the Department of Labor and Industry, shall serve upon James J. Bonafield, Judge of Compensation, a copy of the charges concerning the unauthorized practice of law by said James J. Bonafield.
2. John J. Francis, Esq. is appointed hearing examiner to conduct a public hearing based on the above charges prepared and served by the Commissioner of Labor and Industry and to report to me his findings of fact and law concerning those charges.
3. James J. Bonafield shall continue to be suspended from all his official duties pending the hearing and determination of the charges.
4. This Order shall take effect immediately.
 GIVEN, under my hand and seal this
 third day of July, in the
 year of Our Lord, one thousand
 nine hundred and seventy-three,
 of the Independence
 of the United States,
 the one hundred and ninety-seventh.
 /s/ William T. Cahill
 GOVERNOR
 ATTEST:
 /s/ Jean E. Mulford 
 ACTING SECRETARY TO THE GOVERNOR
*82 Judge Bonafield asserts that he is a judicial officer beyond the reach of the Governor. He relies upon a 1969 amendment (L. 1969, c. 252, § 2) to N.J.S.A. 34:15-49 as indicative of a legislative intent to give full judicial status to judges of compensation in the Division of Workmen's Compensation, with rights and privileges equivalent to those of judges in the judicial branch. That section provides:
The Division of Workmen's Compensation shall have the exclusive original jurisdiction of all claims for workmen's compensation benefits under this chapter. The judges of the Division of Workmen's Compensation shall hereinafter be appointed on a bipartisan basis by the Governor, with the advice and consent of the Senate and shall serve during good behavior. The salaries of the director of the division and the judges of compensation shall be $27,000.00. Judges of compensation shall not engage in the practice of law and shall devote full time to their judicial duties.
No doubt N.J.S.A. 34:15-49, as amended, establishes a procedure for the appointment of judges of compensation which is essentially the same as that used in the appointment of judicial officers. Appointment is made by the Governor on a bipartisan basis, with the advice and consent of the Senate. The judges must devote full time to their judicial duties and cannot practice law. Apparently, tenure during good behavior is acquired immediately, without the necessity of service for an initial term. Additionally, the Division of Workmen's Compensation functions for all practical purposes as a court, not only in physical appearance but in judicial procedure and decorum. Its determinations are likewise made by final judgment on the basis of the law and the facts. Mulhearn v. Federal Shipbuilding and Dry Dock Co., 2 N.J. 356, 365 (1949); Stafford v. United States Envelope Co., 45 N.J. Super. 333, 336 (Cty. Ct. 1957); DeAngelo v. Alsan Masons, Inc., 122 N.J. Super. 88, 90 (App. Div. 1973).
Prior to the 1969 amendment to N.J.S.A. 34:15-49 the New Jersey Supreme Court on two separate occasions *83 acknowledged the similarity of the Division of Workmen's Compensation and its judges to the courts and judges established in the judicial department of the State Government. In each instance, however, the court rejected the argument that the Division and its judges are within the scope of the judicial article of the Constitution. Mulhearn, supra; Campbell v. Dept. of Civil Service, 39 N.J. 556 (1963).
In Mulhearn the court held:
In the light of article III of the Constitution, the Division of Workmen's Compensation cannot be deemed a court. It is an administrative tribunal in a department that is a component part of the executive establishment. That does not render its functions any less significant in our social economy or its work any less important to the litigants who resort to it than if it were a court. Starting as an administrative body, designed to overcome some of the outmoded technical rules of law that formerly governed the relations of employer and employee and to administer relief summarily on the basis of a statutory schedule of compensation, the Division of Workmen's Compensation has, except for the fact that it lies outside the scope of the Judicial Article of the Constitution, gradually acquired many of the attributes of a court. [2 N.J. at 365]
Campbell, supra, was decided after the title of Deputy Director of the Division of Workmen's Compensation was changed to judge, but before his appointment was mandated by the Legislature to be made on a bipartisan basis with the advice and consent of the Senate. The court said:
In support of his appeal, Mr. Campbell attacks the jurisdiction of the Commission as well as its procedures and its actual findings. He claims that since he was appointed under L. 1939, c. 111 (N.J.S.A. 11:7-7) he was not to be viewed as a classified civil service employee subject to service ratings, and that the Commission lacked jurisdiction in connection with his dismissal. This latter attack is made though he was the one who sought relief from the Commission (cf. Marro v. Civil Service Dept., 57 N.J. Super. 335, 343 (App. Div. 1959) and it seems to rest on the wholly fallacious notion that he stood in the same position as a judge within the judicial department of government. Though the Legislature recently changed the title from deputy director to judge of compensation (L. 1960, c. 58: N.J.S.A. 34:1A-12), the change was only one of nomenclature without any alteration of status. It is firmly settled that, although the judges of compensation exercise functions which are somewhat *84 akin to those exercised in the courts, they are in no sense members of the judicial department but are rather members of an administrative agency within the executive department. See Mulhearn v. Federal Shipbuilding & Dry Dock Co., 2 N.J. 356, 360 (1949); Nagy v. Ford Motor Co., 6 N.J. 341, 349 (1951); DiMarcello v. American Bridge Co., 76 N.J. Super. 329, 334 (App. Div. 1962) certif. denied 38 N.J. 498 (1962); New Amsterdam Casualty Co. v. Popovich, 27 N.J. Super. 40, 43 (App. Div. 1953). The out-of-state decisions are to the same effect; many of them may be found collected in 100 C.J.S. Workmen's Compensation § 379b (1958). [39 N.J. at 574]
Judge Bonafield now urges that Mulhearn and Campbell are no longer viable. In view of N.J.S.A. 34:15-49 he argues that his status is that of a judicial officer assigned to the executive department. Unfortunately, this argument must fail.
Of course, the Legislature has clothed a judge of compensation with most of the trappings of judicial office. He has substantially the same duties and disabilities as a recognized judge. However, the Legislature stopped short of the mark in the most crucial aspect.
The hallmark of a judge is his independence and freedom from interference and control by any authority outside the judicial establishment. Mulhearn, supra, 2 N.J. 361. While elevating the personal statute of a judge of compensation the Legislature, in enacting the amendment to N.J.S.A. 34:15-49, did nothing to insulate him from direction and control of the Commissioner of the Department of Labor and Industry. As head of the department of which the Division forms a part the Commissioner exercises a wide range of administrative and supervisory functions over the Division. See N.J.S.A. 34:1A-3; 34:1-20; 34:1A-11; 52:14B-3(2).
A judge of compensation is therefore subject to some measure of direction and control by the Commissioner, not the least of which are when and where he sits, the nature and extent of his caseload, and the rules of practice and procedure to be followed by his court. Such provisions are *85 inconsistent with essential judicial independence. Were he meant to be a judicial officer in the true sense, this control would undoubtedly subvert the administrative authority of the Chief Justice of the Supreme Court, cf. Mulhearn, supra, and would impinge upon the doctrine of separation of powers.
The Legislature left no doubt as to the status of a judge of compensation when it recently implemented N.J. Const. (1947) Art. VI, § VI, par. 4, which provides a method for the suspension and removal of judges from office. N.J.S.A. 2A:1B-1 et seq., L. 1970, c. 151, § 1. A "judge," within the context of that enactment, is defined to be "any judge of the superior court, county court, county district court, juvenile and domestic relations court and municipal court." All judges and courts comprehended by the Rules Governing the Courts of the State of New Jersey are thus included. Judges of compensation are purposely excluded from disciplinary control by the Supreme Court. This omission is a clear recognition by the Legislature that such judges are regarded as employees of the executive department and subject to existing procedures for suspension and removal. Art. V, § IV, par. 5.
Additional evidence of the legislative intent that the Division of Workmen's Compensation is essentially an administrative tribunal is found in L. 1971, c. 463, § 1; N.J.S.A. 34:15-66, which provides that judgments of the Division of Workmen's Compensation are directly appealable to the Appellate Division of the Superior Court. This procedure follows the regularly established method provided for the review of the decisions or action of any state administrator agency or officer. R. 2:2-3(a)(2).
In short, it is observed that while Judge Bonafield possesses the designation of "judge," his ultimate status is determined, not by mere name or title but by reference to the nature of his work and the position occupied by him with *86 respect to that work. In re N.J. Bar Ass'n, 114 N.J. Eq. 261 (E. & A. 1933).
For the reasons expressed, it is clear that this court lacks jurisdiction to interfere with the suspension or removal from office of Judge Bonafield. Until the established constitutional procedures have run their course, resort to the courts is premature. The complaint will be dismissed.