127 N.J. Super. 149 (1974)
316 A.2d 705
JAMES J. BONAFIELD, PLAINTIFF-APPELLANT,
v.
WILLIAM T. CAHILL, INDIVIDUALLY AND AS GOVERNOR OF THE STATE OF NEW JERSEY AND RONALD M. HEYMANN, INDIVIDUALLY AND AS COMMISSIONER OF LABOR AND INDUSTRY OF THE STATE OF NEW JERSEY AND JOHN J. FRANCIS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 19, 1974.
Decided March 7, 1974.
*150 Before Judges CONFORD, MEANOR and BOTTER.
Mr. Harvey Weissbard argued the cause for appellant (Messrs. Isles & Weissbard, attorneys; Mr. Daniel E. Isles, of counsel).
Mr. I. Leo Motiuk, Deputy Attorney General, argued the cause for respondents; Mr. Stephen Skillman, First Assistant Attorney General, of counsel (Mr. William F. Hyland, Attorney General of New Jersey [Mr. George F. Kugler, Jr., former Attorney General of New Jersey] attorney).
PER CURIAM.
We affirm the judgment of the Chancery Division essentially for the reasons stated in the opinion of Judge Kimmelman, 125 N.J. Super. 78 (1973), and those which follow.
*151 Appellant's contention that as a "judicial officer" he is removable only by impeachment pursuant to N.J. Const. (1947), Art. VII, § III, par. 1, would if accepted leave him totally immune from removal on the charge here levelled against him  practicing law while a judge of compensation. That constitutional provision, which subjects to liability to impeachment "The Governor and all other State officers," extends only to commission of a misdemeanor. Appellant's offense was not a misdemeanor. He concedes he is not impeachable under N.J. Const. (1947), Art. VI, § VI, par. 4, nor removable under N.J.S.A. 2A:1B-1 et seq., which are confined to judges of named courts.
The essential inquiry here is whether judges in compensation are officers or employees in the Executive Branch of the State Government. If they are, they are not excluded from the Governor's power to remove any state "officer or employee," under N.J. Const. (1947), Art. V, § IV, par. 5, by reason of the exception therein for a "judicial officer." We agree with Judge Kimmelman's determination that the latter exception was not intended to apply to officers in the Executive Branch whatever the judicial nature of their functions and that appellant is an administrative judge in the Executive Branch.
Judgment affirmed.