IN THE MATTER OF JAMES J. BONAFIELD AND MARINO TEDESCHI, ATTORNEYS AT LAW, RESPONDENTS.

Argued January 10, 1978—Decided March 23, 1978.

*Mr. John F. Geaney, Jr.* argued the cause for the Passaic County Ethics Committee.

*Mr. Craig H. Livingston* argued the cause for respondent James J. Bonafield (*Messrs. Ball, Hayden, Kiernan, Livingston & Nelson,* attorneys).

*Mr. Larry J. McClure* argued the cause for respondent Marino Tedeschi (*Messrs. Evertz & McClure,* attorneys).

PER CURIAM. These ethics proceedings against respondents, members of the bar of this State, stem from respondent James J. Bonafield's illegally engaging in the practice of law while a Judge of Compensation, and respondent Marino Tedeschi's aiding and abetting that illegal activity.

Respondent Bonafield was admitted to the bar of this State in 1959. The following year he was appointed a referee in the Division of Workmen's Compensation. In 1966 he became supervising referee. In August 1968, respondent was appointed a Judge of Compensation. During this entire period, and while serving as referee, supervising referee and as a Judge of Compensation, respondent was permitted to and did practice law on a part-time basis.

By L. 1969, c. 252, effective January 7, 1970 (*N. J. S. A.* 34:15–49), Judges of Compensation, for the first time, were prohibited from engaging in the practice of law and were required to devote full time to their judicial duties. In March 1970, while serving as a Judge of Compensation, Bonafield certified on a Department of Labor and Industry conflict-of-interest questionnaire that he was not engaged in any outside profession.

Bonafield, however, continued to practice law, using the same law office but changing the name on the office station-

ery, telephone listing and bank accounts to that of respondent Tedeschi. This was done by virtue of an arrangement he made with Tedeschi. In return, Tedeschi received a small portion of the fees generated.

In 1973 Bonafield's illegal activities were disclosed during an investigation by the State Commission of Investigation and on June 21, 1973 the Commissioner of the Department of Labor and Industry, acting on order from the Governor, suspended Bonafield as a Judge of Compensation pending a hearing on formal charges seeking his removal.

Bonafield filed a court challenge to the suspension and the contemplated removal procedure claiming that, as a judge, he could be removed only by impeachment. The Chancery Division rejected this contention. *Bonafield v. Cahill,* 125 *N. J. Super.* 78 (1973). It held that Bonafield was not a judicial officer but rather an executive department employee subject to suspension and removal under the procedures being used. The Appellate Division affirmed, 127 *N. J. Super.* 149 (1974).

Following an administrative hearing and report which recommended removal, the Governor of New Jersey entered an order dated January 14, 1974 removing Bonafield from office. The order was appealed to the Appellate Division which, in an unreported opinion, upheld the Governor's action. This Court denied certification. 68 *N. J.* 282 (1975).

Respondent Bonafield admits that after January 1970 and while serving as a Judge of Compensation he continued to practice law in violation of *N. J. S. A.* 34:15-49. However, he represents that upon his suspension as a Judge of Compensation on June 21, 1973, he "voluntarily suspended" himself from the practice of law and has not practiced since then. He asks that this Court take this into consideration in its imposition of discipline.

Respondent Tedeschi, on his part, admits to violations of DR 1-102 (Misconduct), DR 1-103 (Disclosure of Information to Authorities), DR 2-107 (Division of Fees Among Lawyers) and DR 3-101 (Aiding Unauthorized Practice of

Law) "[b]y permitting an arrangement with James J. Bonafield whereby the said James J. Bonafield engaged unlawfully in the practice of law from January 1970 until August of 1972, of which conduct respondent (Tedeschi) either had actual knowledge or reasonably should have known." Tedeschi also admits to "improperly accepting division of fees from James J. Bonafield during the period from January 1970 through August 1972 without regard to services performed and responsibilities assumed."

Tedeschi's only explanation is that his original discussions with Bonafield were to the effect that he would take over the Bonafield law practice. He concedes, though, that he should have withdrawn from the relationship as soon as he ascertained that this was not to be the case. He asserts that the total amount of fees received by him from Bonafield over the more than two-year period did not exceed $1,500.

We come to the matter of discipline. The Passaic County Ethics Committee found, and we agree, that respondent Bonafield by his conduct had violated DR 1–102 (Misconduct), DR 3–101 (Unauthorized Practice of Law) and R. 1:21–6 (relating to the keeping of proper office records and bank accounts). He has paid dearly for his wrongdoing. He has been removed from office as a Judge of Compensation and has forfeited the emoluments of that office. He has not engaged in the practice of law for almost five years. However, up until July 8, 1975 when this Court denied certification of his petition to review his dismissal as a Judge of Compensation, his not engaging in the practice of law would have been consistent with his contention that he still was a Judge of Compensation and that his removal from that office was illegal.

Considering all of the circumstances, we conclude that an Order of Suspension effective July 8, 1975 and continuing until the further order of this Court, together with a severe reprimand which is hereby imposed, is adequate discipline. If respondent applies to lift the suspension, his

application shall be processed pursuant to *R.* 1:20-3(g) adopted February 23, 1978, effective April 1, 1978.

█ Respondent Tedeschi is also guilty of misconduct. However, the hearing examiner in the Bonafield removal proceedings reported that Tedeschi, "although not without some culpability for his part in the affair, was more of a front or a stand-in for Bonafield." The Ethics Committee recommended that a reprimand would be adequate discipline in view of Tedeschi's previous unblemished record as an attorney. Taking all of the facts and circumstances into consideration we impose a severe reprimand. However, in effect, respondent is on probation. Any further disciplinary infractions on his part will be dealt with severely.

*For reprimand and suspension of Bonafield and reprimand of Tedeschi*—Chief Justice HUGHES, Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER and Judge CONFORD—7.

*Opposed*—None.

# ORDER

It is ORDERED that JAMES J. BONAFIELD of Clifton be suspended from the practice of law, effective July 8, 1975, and until further order of the Court; and it is further

ORDERED that JAMES J. BONAFIELD be and hereby is restrained and enjoined from practicing law during the period of his suspension; and it is further

ORDERED that respondent comply with all the regulations of the Supreme Court governing suspended, disbarred and resigned attorneys.