25 N.J. Super. 14 (1953)
95 A.2d 442
NETTIE L. LAMASTRA, PLAINTIFF-RESPONDENT,
v.
MONTGOMERY WARD & CO., INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1953.
Decided March 5, 1953.
*15 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Isidor Kalisch argued the cause for the respondent (Mr. David H. Harris, attorney).
Mr. Edward J. McDonough argued the cause for the appellant (Messrs. McDonough & McDonough, attorneys).
The opinion of the court was delivered by BIGELOW, J.A.D.
This appeal presents but a single question: Was the appeal from the Workmen's Compensation Division to the County Court taken within time?
The statute, R.S. 34:15-66 (amended L. 1945, c. 74, § 17), which gives the right of appeal, prescribes that the notice of appeal shall be filed within 30 days after the judgment of the Division has been rendered. If the statute controls, the appeal in the instant case was not taken within time and was properly dismissed. But appellant argues that the statutory limitation has been superseded by Rule 1:2-5(b) which allows 45 days for taking an appeal "to the appropriate appellate court" from "Final agency decisions."
When an appeal is taken from one court to another, *16 that is, when the appeal is only a step in the cause, the rules of the Supreme Court fix the time for appeal. Winberry v. Salisbury, 5 N.J. Super. 30 (App. Div. 1949), affirmed 5 N.J. 240 (1950). Likewise, when an appeal in the nature of a review on certiorari is taken from an administrative agency to the Superior Court, the Supreme Court rules limit the time for appeal. Fischer v. Bedminster, 5 N.J. 534 (1950). But the appeal, so-called in the present case, does not come within either of these categories and is not controlled by either of the cases cited. It is not a proceeding in lieu of certiorari, for under the statute the appeal ran to the Common Pleas and not to the old Supreme Court, and it runs now to the County Court and not to the Superior Court. Again, the appeal from the Division is not a process for the removal of a cause from a lower to a higher court; it is not a step in the cause. The appeal, so-called, to the County Court in a workmen's compensation case, is the aggrieved party's initial resort to the judicial system of the State. It is the institution of the action, just as the filing of a complaint by one who complains of breach of contract is the institution of an action.
The Supreme Court, in Rule 3:81-8 et seq., provides for review of the final decision of any state administrative agency "by appeal to the Appellate Division." It is this review or appeal, we are satisfied, that the Supreme Court had in mind when it promulgated Rule 1:2-5(b). That rule, or any rule, was not intended to, and does not, supersede R.S. 34:15-66. The statute still governs.
Judgment affirmed.