ALBERT HODES, BY HIS GUARDIAN *AD LITEM*, MARIAN KALB, PETITIONER-RESPONDENT, v. OAK FLOORING CO., RESPONDENT-APPELLANT.

Argued September 22, 1964—Decided November 16, 1964.

360

*Mr. Adrian M. Foley, Jr.* argued the cause for respondent-appellant (*Messrs. Pindar, McElroy, Connell & Foley,* attorneys).

*Mr. Herman M. Wilson* argued the cause for petitioner-respondent.

The opinion of the court was delivered by

SCHETTINO, J. Petitioner (hereinafter plaintiff) obtained a judgment against Oak Flooring Co. (hereinafter defendant) in the Workmen's Compensation Division. Defendant filed a notice of appeal to the Union County Court with the Workmen's Compensation Division at Trenton on the 45th day after the compensation judgment was filed in the Division, but did not file its notice of appeal with the Clerk of Union County until the 46th day.

Plaintiff moved to dismiss the appeal on the ground that the late filing of the notice with the County Clerk was contrary to *N. J. S. A.* 34:15–66 which provides for the filing within 45 days. Defendant made a cross motion in which it sought an order enlarging the time within which the appeal might be taken pursuant to the provisions of *R. R.* 1:27B, or, in the alternative, a *nunc pro tunc* order in the event that the court determined that the notice of appeal previously filed had not been filed within time. The County Court granted plaintiff's motion, holding that it had no power to relax the filing time requirement, and denied defendant's cross motion. The Appellate Division affirmed, 82 *N. J. Super.* 216 (1964). Thereafter, we granted certification on defendant's petition. 42 *N. J.* 140 (1964).

The facts are not in dispute. Defendant's attorney "in charge of handling this appeal" was directed on Friday, June 7, 1963 to prosecute an appeal, and was advised that if an appeal was to be taken, the notice had to be filed by Monday, June 10, 1963. The notice of appeal was dictated that Friday afternoon with instructions to type the notice on Monday morning and have it hand-delivered to and filed with the Division in Trenton and the County Clerk's office in Union County on that day. Defendant's attorney could not personally supervise the matter since he had on Monday, June 10, learned of his father's death and had left for Florida to attend the funeral.

On Monday, the secretary typed the notice of appeal and gave it to the office messenger together with appropriate instructions on filing. The messenger left Newark at 1:00 P. M. and arrived in Trenton at "about 1:45 P. M." He filed the notice at the Division and "returned to the station in Trenton to take the express train scheduled to leave Trenton at 2:37 P. M. and arrive in Newark at 3:20 P. M." The train, however, was delayed and did not arrive in Newark until 4:05 P. M. The messenger then took a bus to Elizabeth and got to the County Clerk's office but found that everyone in the clerk's office had departed. On June 11, the messenger informed the secretary of the predicament. She immediately arranged for hand delivery to the County Clerk's office that day—the referred to 46th day after filing of the judgment.

In *Hodgson v. Applegate,* 31 *N. J.* 29, 43 (1959), we noted that the principle of finality of judgments was involved; it is one of repose; it dictates that litigation must eventually be ended and, at some point, the prevailing party should be allowed to rely confidently on the inviolability of his judgment. But we emphasized that the principle is not absolute and must be weighed in the balance with the equally salutary principle that justice should be done in every case and absent a binding restriction, courts should strive to grant relief with evenhanded exercise of discretion.

*R. R.* 1 :3–1 provides in part that :

"Where an appeal is permitted, it shall be taken to the appropriate appellate court within the following periods of time after the entry of the judgment, order or determination appealed from :

\*      \*      \*      \*      \*      \*      \*      \*

(b) 45 days— \* \* \* final state agency decisions or actions, \* \* \*."

■ In the context of a Workmen's Compensation appeal, is the County Court an "appropriate appellate court" under this rule? We hold that it is. See *R. R.* 5 :2–5 (entitled "Workmen's Compensation Appeals") setting forth in detail the mechanics in processing "an appeal to the county court from a judgment of the Workmen's Compensation Division." This type judgment is treated like other judgments appealed from, *i. e., R. R.* 5 :2–5 (a) refers to *R. R.* 1 :4–8 which provides for a *supersedeas* bond or cash deposit in order to stay a judgment and also refers to *R. R.* 1 :3–2 providing for the time for a cross appeal. Other provisions indicate clearly that the matter is an "appeal."

■ We next consider whether the Workmen's Compensation Division is a "state agency" under *R. R.* 1 :3–1 (b). *In Mulhearn v. Federal Shipbuilding and Drydock Co.,* 2 *N. J.* 356, 365–6 (1949), Chief Justice Vanderbilt, in a comprehensive opinion on the history of the Division, detailed at length many "court" attributes possessed by the Division but concluded that it was not a "court" to which certification from the Supreme Court would lie. We there held that the Division of Workmen's Compensation was an administrative tribunal in a department which is a component part of the executive establishment. We conclude therefore that the Division is such a "state agency" and that, absent any other impediment, the appeal in the present case would fall within the ambit of *R. R.* 1 :3–1 (b).

*Lamastra v. Montgomery Ward & Co., Inc.,* 25 *N. J. Super.* 14, 16 (*App. Div.* 1953), held that as between the Workmen's Compensation statute, which then specified a period of 30

days, and Rule 1:2–5(b) (now 1:3–1(b)) which allows 45 days for review of state agency final decisions, the legislation governs, stating:

"The Supreme Court, in *Rule* 3:81–8 *et seq.* [now 4:88–8 *et seq.*], provides for review of the final decision of any state administrative agency 'by appeal to the Appellate Division.' It is this review or appeal, we are satisfied, that the Supreme Court had in mind when it promulgated *Rule* 1:2–5(b). That rule, or any rule, was not intended to, and does not, supersede *R. S.* 34:15–66. The statute still governs."

*R. R.* 4:88–8(a) provided, on September 9, 1953, that "Review of the final decision or action of any state administrative agency, other than those governed by [Rule] 5:2–5 * * * shall be by appeal to the Appellate Division." We therein recognized the statutory requirement that Workmen's Compensation appeals were to be taken to the County Court and not to the Appellate Division. It may well be that as of the date of this opinion, March 5, 1953, the Appellate Division would be substantially justified in its interpretation of *N. J. S. A.* 34:15–66. But, this statute was drastically revised on March 19, 1953 and in effect overruled *Lamastra.*

*N. J. S. A.* 34:15–66 originally provided the mechanics for prosecuting a Workmen's Compensation appeal from the Division of Workmen's Compensation through the County Court and thence through the Court of Errors and Appeals. It presently provides in pertinent parts:

"Either party may appeal from the judgment of the director, deputy director, or referee, to the County Court of the county in which the accident occurred or, if the accident occurred out of the State, then of the county wherein the hearing was had, by filing with the secretary of the division, and with the clerk of such county, a notice of appeal. Such notice shall be filed within 45 days after the judgment has been rendered. * * * Nothing herein contained shall be construed as limiting the jurisdiction of the Superior Court to review any matter through a proceeding in lieu of prerogative writ or as limiting the jurisdiction of the Supreme Court. As amended L. 1945, c. 74, p. 397, § 17; L. 1953, c. 33, p. 598, § 57; L. 1956, c. 141, p. 579, § 8."

Prior to the 1945 amendment this section contained the following:

"Nothing herein contained shall be construed as limiting the jurisdiction of the supreme court [the present Superior Court] to review questions of law and fact by certiorari."

The 1945 amendment added a phrase providing that: "this determination shall be made within ninety days after the filing of the transcript, regardless of whether or not the appeal has then been heard or argued" and also added a final sentence which read: "Appeals to the Court of Errors and Appeals may be taken from a judgment of the Supreme Court only as limited by section 2:27–350 of the Revised Statutes."

By an amendment, *L.* 1953, *c.* 33, *p.* 598, *sec.* 57, effective March 19, 1953, the Legislature omitted many procedural steps in this statutory section but retained the 30 days' limitation for the filing of the notice of appeal.[1] It also provided that:

"Nothing herein contained shall be construed as limiting the jurisdiction of the Superior Court to review any matter through a proceeding in lieu of prerogative writ or as limiting the jurisdiction of the Supreme Court."

The first clause is in effect the same as the one recited above but the reference "as limiting the jurisdiction of the Supreme Court" was new. *R. R.* 1:2–12 and 5:2–5, effective September 9, 1953, filled in the procedural steps omitted by this revision.[2]

The Legislature thereafter enacted another amendment to *section* 66, *L.* 1956, *c.* 141, *p.* 579, *sec.* 8, changing the time for the filing of the notice in a Workmen's Compensation ap-

---

[1] The Senate passed this amendment (*Senate Bill* 30 of 1953) on January 26, the Assembly passed it on February 9 and the Governor signed it on March 19, 1953, the effective date. No statement was attached to the bill.

[2] Paragraphs (a) to (e) of *R. R.* 5:2–5 formerly *R. R.* 5:2–6 were adopted December 7, 1950 and amended January 1, 1952. Paragraph (f) of *R. R.* 5:2–5 was formerly *R. R.* 5:2–5 adopted December 7, 1950.

peal from 30 days to 45 days. *Assembly Bill* A-585 (1956) which became this statute contained, among other references, the following: "Change to 45 days in section 34:15–66 is to accord with Court Rules." It is reasonable to assume the reference was to the limitation of 45 days of *R. R.* 1:3–1(b).

■ We now consider the effect of the statutory provision that "Nothing herein contained shall be construed as limiting * * * the jurisdiction of the Supreme Court." In our view it clearly evinces a legislative intent to subject this statutory provision to the jurisdiction of the Supreme Court and is a legislative grant, if such grant is needed, to the Supreme Court to exercise full procedural powers. This we have done by our rules. We conclude therefore that Workmen's Compensation appeals and the statutory limitation of 45 days are subject to the same appellate rules as are other "final state agency decisions or actions" covered by *R. R.* 1:3–1(b).

The express language of *R. R.* 1:3–1(b) clearly governs the time limitation for appeals from "final state agency decisions or actions." However, the time requirement of this rule is modified by the discretionary application of *R. R.* 1:27B which, in part, provides that:

"When an act is required or allowed to be done at or within a specified time,—
* * * * * * * *
(d) Neither the court nor the parties may enlarge the time for taking any action under [Rule] 1:3–1 [Time for Appeal—Judgments of Courts and Certain State Agencies]
* * * * * * * *
except that extension for a period not exceeding 30 days from the expiration of the time permitted in the said rules may be granted by the court in which the matter is pending upon a clear showing of a good cause and the absence of prejudice. The application for extension may be made at any time; provided that the action required to be taken within the specified time was in fact taken within the specified time as extended by the court."

■■ The application here was admittedly within that time. Therefore, we hold that the County Court had the jurisdiction to grant defendant's motion. And the facts here dictate that the relief should have been granted for it is not dis-

puted, and indeed could not be, that good cause is shown and prejudice is absent. We so order without a remand to the County Court for its determination.

In view of our holding, we find it unnecessary to consider defendant's suggestion that, as it substantially complied with the requirements of our rules, it was entitled to relief. *Cf. Alberti v. Civil Service Comm.*, 41 *N. J.* 147 (1963).

■ Plaintiff's attorney has been put to effort and expense in litigating this in the County Court, Appellate Division and this Court, caused by defendant's omission, albeit an excusable one, which expense and effort will go uncompensated or unreimbursed unless plaintiff is ultimately successful on the merits of the case. See *N. J. S. A.* 34:15–64; *R. R.* 5:2–5(f). We are of the opinion that, under the circumstances, equitable considerations require defendant to pay a reasonable counsel fee and all out-of-pocket expenses for filing fees and printing bills in connection with the same to plaintiff's attorney to be fixed by the County Court regardless of the outcome of the case.

Reversed and remanded.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.