141 N.J. Super. 564 (1976)
359 A.2d 502
VERNON E. McLEAN, PETITIONER,
v.
S & L STEEL COMPANY, RESPONDENT-RESPONDENT,
v.
TRAVELERS INSURANCE COMPANY, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 18, 1976.
Decided June 2, 1976.
*565 Before Judges MATTHEWS, LORA and MORGAN.
Mr. Thomas J. Mannion, Jr., argued the cause for appellant (Messrs. Capehart and Scatchard, attorneys).
Mr. Donald Shapiro, argued the cause for respondent-respondent (Messrs. Milstead and Ridgway, attorneys).
PER CURIAM.
This matter presents the issue of whether in a workmen's compensation action an employer who is forced to incur attorney's fees and costs due to a dispute with his disclaiming insurance carrier as to the existence of insurance coverage can be reimbursed for these fees and costs by the insurance carrier.
*566 Travelers Insurance Company refused to defend for respondent S & L Steel Company against its employee Vernon E. McLean's claim petition, asserting its policy was not in effect on the day of the accident, and moved to strike its name from the claim petition as the alleged carrier for the respondent company. After protracted litigation on this issue the judge of compensation ruled that coverage by Travelers was owed to S & L Steel Company for the June 23, 1970 accident sustained by McLean. Following submission to him of affidavits of costs and services by S & L Steel's New Jersey and Pennsylvania counsel, the judge of compensation awarded attorney's fees of $3,000 plus $55 costs to S & L's New Jersey counsel, and $1,700 plus $626.97 costs to its Pennsylvania counsel.
Generally speaking, the New Jersey Division of Workmen's Compensation is a statutory tribunal which can exercise only those powers which are legislatively conferred upon it or such as are by fair implication incident to the authority expressly granted. Conway v. Mister Softee, Inc., 51 N.J. 254, 258 (1968). In Mulhearn v. Federal Shipbuilding and Drydock Co., 2 N.J. 356, 365-6 (1949), Chief Justice Vanderbilt speaking for our Supreme Court, detailed many "court" attributes of the Division but concluded that the Division was not a "court" but an administrative tribunal in a department of the Executive Branch of State Government. See also, Bonafield v. Cahill, 125 N.J. Super. 78 (Ch. Div. 1973), aff'd 127 N.J. Super. 149 (App. Div. 1974). The statutory authority, N.J.S.A. 34:15-64, for the discretionary award of attorney's fees to a successful employee-petitioner does not reach the situation presently before this court.
It is apparent that if the coverage question disputed by the employer and its insurer had initially been brought to the Superior Court for resolution rather than to the Division as authorized by Williams v. Bituminous Cas. Corp., 51 N.J. 146, 152 (1948), the court could allow attorney's fees *567 to the employer if successful in the action. R. 4:42-9(a) (6). It would be anomalous to hold that the successful employer is barred from recovering his attorney's fees and costs from the Division, thus making the choice of forum dispositive of this issue.
The employer has been put to effort and expense in litigating the question of insurance coverage. Under these peculiar circumstances, equitable considerations require the insurer to pay a reasonable counsel fee and all out-of-pocket expenses in connection with the same. Cf. Hodes v. Oak Flooring Co., 43 N.J. 359, 367 (1964).
Travelers Insurance Company, in the alternative, contends the attorney's fees allowed below to S & L Steel's in-state and out-of-state counsel should be examined closely as to their reasonableness in view of the duplicity of legal services in the context of this matter.
We have reviewed the record in its entirety in light of the affidavits of services filed below by the attorneys for S & L Steel Company and have concluded the awards are excessive and should be reduced to a total fee of $3,000 exclusive of costs, $2,000 of which is allocated to the firm of Milstead and Ridgway and $1,000 to the firm of Fine, Staud, Grossman and Garfinkle.
Accordingly, the amended order of the Division of Workmen's Compensation dated October 31, 1974 is modified to order the Travelers Insurance Company to pay attorneys' fees and costs of S & L Steel Company as follows: Milstead and Ridgway, P.A., attorney's fees $2,000, costs $55, total $2,055; Fine, Staud, Grossman and Garfinkle, attorney's fees $1,000, costs $626.97, total $1,626.97. The order as so modified is affirmed.