THE BOROUGH OF STONE HARBOR, A MUNICIPAL CORPORA-
TION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPON-
DENT, v. WILDWOOD LOCAL 59, POLICEMEN'S BENEVO-
LENT ASSOCIATION OF NEW JERSEY AND DANIEL LLOYD,
DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 2, 1980—Decided December 17, 1980.

1

2

Before Judges MATTHEWS, MORGAN and MORTON I. GREENBERG.

*Robert L. Taylor* argued the cause for appellant (*Way, Way, Goodkin & Taylor*, attorneys).

*W. M. Balliette, Jr.*, argued the cause for respondent (*Cafiero and Balliette*, attorneys).

PER CURIAM.

Plaintiff Borough of Stone Harbor brought this action originally on August 1, 1977 in the Chancery Division to restrain binding arbitration requested by the P. B. A. under its collective bargaining agreement and for a declaratory judgment that defendant Daniel Lloyd failed to file his appeal of his discharge from the police department to the County Court (now Superior Court, Law Division) pursuant to *N.J.S.A.* 40A:14–150 in a timely manner. The Chancery Division, by order dated December 27, 1977, refused to enjoin the arbitration proceeding and retained jurisdiction of the remaining issues, including whether Daniel Lloyd was "out of time" in filing his statutory appeal to the County Court.

On October 3, 1978 the Appellate Division reversed the trial court and restrained binding arbitration of the dispute over the merits of the discharge of Patrolman Lloyd from the police department. *See Stone Harbor v. Wildwood Loc. 59, P. B. A.,* 164 *N.J.Super.* 375 (App.Div.1978).

On July 21, 1979 the Chancery Division ordered the matter transferred to the Law Division for a decision on the remaining issues, particularly on whether defendant Lloyd had given timely notice of his application of appeal of the conviction pursuant to *N.J.S.A.* 40A:14–150 to the County Court.

On July 18, 1979 plaintiff Borough of Stone Harbor obtained summary judgment in its favor adjudicating the untimeliness of Lloyd's appeal to the County Court.

The facts are not substantially in dispute. On June 2, 1977 the Stone Harbor chief of police personally served a notice of disciplinary action upon Patrolman Daniel Lloyd, scheduling a hearing before the police committee of the borough council for June 27, 1977. Lloyd's counsel, obtained through codefendant Wildwood Local 59, Policemen's Benevolent Association of New Jersey, participated in the disciplinary hearings which followed. Lloyd and his counsel were present when the decision convicting him of a number of charges and removing him from the force

was announced at the conclusion of the hearing on July 5, 1977. Thereafter the notice of conviction was sent on July 7, 1977 by certified mail, return receipt requested, to defendant's home in Stone Harbor. This certified notice did not include postal instructions to deliver to "addressee only."

On July 8, 1977 Lloyd's wife signed for and received the letter containing the notice of conviction at their home in Stone Harbor. Lloyd contends that he did not actually receive this notice of conviction until July 12, 1977, because he had gone to Chester, Pennsylvania, after he was removed from the police department because his parents and family were very upset by the loss of his job. It was only on his return to his home on July 12, 1977 that he was confronted with the letter.

On July 12, 1977 Lloyd took this notice of conviction to his attorney. It was not until July 21, 1977, however, that the attorney for defendant sent a written notice of application for review of the disciplinary conviction to Stone Harbor by certified mail, return receipt requested. Defendant Lloyd personally served copies of the notice on July 22, 1977.

The trial judge granted Stone Harbor's motion for summary judgment, concluding that Lloyd's failure to file a notice of appeal, or any other kind of application for review, with the County Court (now the Superior Court) deprived the court of jurisdiction over the matter. Defendant appeals.

N.J.S.A. 40A:14–150 is the controlling enactment. It provides:

Any member or officer of a police department or force in a municipality wherein Title 11 (Civil Service) of the Revised Statutes is not in operation, who has been tried and convicted upon any charge or charges, may obtain a review thereof by the County Court of the county wherein such municipality is located. *Such review shall be obtained by serving a written notice of an application therefor upon the officer or board whose action is to be reviewed within 10 days after written notice to the member or officer of the conviction.* The officer or board shall transmit to said County Court a copy of the record of such conviction, and of the charge or charges for which the applicant was tried. The County Court shall hear the cause de novo and may either affirm, reverse or modify such conviction. If the applicant shall have been removed from his office, employment or position the court may direct that he be restored to such office,

employment or position and to all his rights pertaining thereto, and may make such other order or judgment as said court shall deem proper. (Emphasis added.)

Lloyd's contention is that a notice of appeal or other pleading filed with the court is unnecessary because the foregoing statute does not require it. Instead, he argues, it is the municipality's obligation to forward to the court the record of the conviction and the charge or charges for which the officer was convicted. The contention is, of course, completely without merit. A notice of appeal or other pleading is the essential ingredient to a court's jurisdiction. The statute tacitly assumes such a filing (perhaps because the requirement is too obvious to mention) when it instructs the applicant to serve "a written notice *of an application* therefor [for review]." By such service the applicant is advising the municipality that an appeal is pending in the Superior Court without which the municipality might remain unaware that such a review is being sought. The municipality's obligation to transmit the record of the conviction and the charges merely ensures that the court will have the basic information concerning the appeal it will have to decide. In this case, no notice of appeal or other pleading petitioning for review was ever filed in the County or Superior Court.

Nonetheless, we are persuaded that the trial judge should have accepted Lloyd's appeal on a *nunc pro tunc* basis. In *Galligan v. Westfield Centre Service, Inc.,* 82 *N.J.* 188 (1980), decided after the trial court's determination in this matter, the court accepted a complaint filed after expiration of the applicable period of limitations when timely suit mistakenly filed in the federal court had been dismissed for lack of federal jurisdiction. The reasons given by the court for its determination in *Galligan* apply, we believe, with equal force to the present case. The statutory notice served by Lloyd on the municipality clearly notified the municipality of Lloyd's intention to challenge his discharge from office. There is no question but that the munici-

pality clearly understood these intentions because the declaratory suit it filed evinced such knowledge when it sought a declaration that the appeal was not timely filed. Lloyd himself, unschooled in the intricacies of jurisdictional papers, was not the cause of the failure to file a notice of appeal. As noted by the court in *Galligan* :

> ... We have previously noted that 'it seems inequitable that an injured person should be denied his day in court solely because of his ignorance, if he is otherwise blameless'.... When the ignorance is not the plaintiff's but that of his previous attorney, it would be even more unjust to deny him an opportunity to prosecute his cause of action. [*Id.* at 194]

*Galligan* counsels against "unswerving, 'mechanistic' application" of statutes of limitation unnecessarily penalizing applicants without advancing legislative purposes. *Id.* at 192. The "just accommodation" of individual justice and public policy, to which *Galligan* refers, *id.* at 192–193, requires that the court entertain Lloyd's notice of appeal as if filed within time, so as to provide Lloyd with the only available review of the municipal action which resulted in his discharge from employment.

■ With respect to the alleged untimeliness of the statutory notice of the application for court review, we conclude that the notice was timely. The ten-day statutory period began to run from July 9, 1977, the day after Lloyd's wife received service of the notice of conviction. Because service was by mail, three days are added to the ten-day limitation period. *R.* 1:3–3. *Princeton Research Lands, Inc. v. Princeton Tp. Planning Bd.*, 112 *N.J.Super.* 467, 471 (App.Div.1970). *See also Hodes v. Oak Flooring Co.*, 43 *N.J.* 359 (1964). The service by mail made on July 21, 1977 was just within time.

Defendant's notice of appeal must be filed, if at all, within five days of the date this opinion is received.

Reversed and remanded to the trial court for further proceedings consistent with this opinion.