**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3422-19

POLICE SERGEANT
CHRISTOPHER BUTCHYK,

    Plaintiff-Appellant,

v.

BOROUGH OF CALDWELL and
BOROUGH OF CALDWELL
POLICE DEPARTMENT,

    Defendants-Respondents.

_____

Argued July 6, 2021 – Decided December 7, 2021

Before Judges Messano and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0246-20.

Lori A. Dvorak argued the cause for appellant (Dvorak & Associates, LLC, attorneys; Jeffrey S. Ziegelheim, of counsel and on the briefs).

Ryan S. Carey argued the cause for respondents (Apruzzese, McDermott, Mastro & Murphy, PC, attorneys; Ryan S. Carey, of counsel and on the brief; Boris Shapiro, on the brief).

The opinion of the court was delivered by

SMITH, J.A.D.

I.

Plaintiff Christopher Butchyk was a veteran sergeant employed by the police department in the Borough of Caldwell, a non-civil service municipality. On May 11, 2019, plaintiff sent three improper text messages to a group text chat whose members included other Caldwell police officers, including a captain and officers from internal affairs. After the incident, plaintiff turned himself in to internal affairs. Five days later, the Caldwell police chief transferred the matter to the Livingston Police Department internal affairs unit for investigation.[1] Plaintiff was suspended with pay pending further investigation on May 16, 2019.

On July 18, 2019, defendants served plaintiff with a preliminary notice of disciplinary action charging him with multiple workplace violations.[2] After a

---

[1] The transfer was required because the members of the Caldwell Police Department internal affairs unit were recipients of the inappropriate texts and therefore conflicted out of further investigative responsibilities.

[2] The record shows plaintiff was charged with violation of N.J.S.A. 40A:14-147, including but not limited to: conduct unbecoming a superior officer, neglect of duty, and failure to perform duties. Plaintiff was also charged with multiple violations of Caldwell police department rules, regulations, policies, and procedures.

A-3422-19

disciplinary hearing, the hearing officer made findings and recommended termination on November 20, 2019.[3]

On Monday, November 25, 2019, the Borough of Caldwell posted public notice of an "emergency special meeting" to be held November 27, 2019.  The public notice specifically listed the sole agenda item as the "Employment Status of Sergeant Butchyk."  Notice of the meeting was posted on a Borough Hall bulletin board, on the main page of Caldwell's municipal website, and in three local newspapers.  Defendants sent separate emails about the November 27 meeting directly to plaintiff and his attorney, informing them that plaintiff's employment status would be on the agenda.[4]  Defendants also called plaintiff to inform him that they were attempting to personally serve him.  Finally, a Caldwell police detective personally served plaintiff with the meeting notice on November 26.

---

[3] The record shows that the hearing officer found "overwhelming evidence" that plaintiff engaged in several acts which violated Caldwell police department "rules, regulations, policies and/or procedures," including, but not limited to: plaintiff making remarks and taking actions "that could be perceived as discriminatory against females and minorities, . . . mocking and ridiculing [a subordinate officer]'s heritage and culture," and making offensive comments toward a female subordinate officer.

[4] Rice v. Union Cnty. Reg'l High Sch. Bd. of Educ., 155 N.J. Super. 64, 73 (App. Div. 1977).

A-3422-19

At the November 27 public meeting, defendants voted to terminate plaintiff. Defendants served plaintiff with a Final Notice of Disciplinary Action confirming termination on December 4, 2019. Plaintiff filed a complaint in lieu of prerogative writ naming defendants on January 10, 2020. Shortly thereafter, defendants moved to dismiss the complaint, and the trial court treated the motion for dismissal as a motion under Rule 4:6-2(e). The trial court found plaintiff's right to seek review of defendants' disciplinary conviction action was governed by N.J.S.A. 40A: 14-150, which requires an employee of a non-civil service municipality to seek Superior Court review of an adverse employment action within ten days of receiving written notice of that action. The trial court next found plaintiff's January 10 complaint out of time under the statute, having been filed more than ten days after plaintiff received notice of his termination. The trial court additionally found plaintiff's November 26 letter to defendants was not timely notice of his intent to seek review, since plaintiff was terminated after the letter was sent. The trial court then granted defendants' motion to dismiss explaining its reasons in a written opinion dated March 13, 2020.

Plaintiff makes the following arguments on appeal:

POINT I

THE TRIAL JUDGE ERRED IN GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF/APPELLANT'S COMPLAINT

    A. PLAINTIFF TIMELY FILED THE COMPLAINT PER R. 4:69- 6(a)

    B. PLAINTIFF GAVE TIMELY NOTICE WITHIN THE TEN-DAY TIME FRAME, PER N.J.S.A. 40A:14-150.

    C. THE TRIAL COURT ERRED IN FAILING TO CONSIDER AND APPLY EQUITABLE RELIEF TO ALLOW THE FILING TO BE TIMELY.

POINT II

THE TRIAL JUDGE ERRED IN GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS THE OPEN PUBLIC MEETINGS ACT WAS VIOLATED BY DEFENDANTS

    A. DEFENDANTS VIOLATED THE OPEN PUBLIC MEETINGS ACT AS THERE WAS NO BASIS TO JUSTIFY AN EMERGENCY MEETING, NOR DO THE MINUTES REFLECT PROPER NOTICE WAS GIVEN. (Not Raised Below)

    B. THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE THAT DEFENDANTS FAILED TO PROPERLY EFFECTUATE NOTICE UNDER RICE,

5

THUS MAKING THE NOVEMBER 27, 2019 MEETING NULL AND VOID. (Not Raised Below)

II.

Rule 4:6-2(e) motions to dismiss for failure to state a claim upon which relief can be granted are reviewed de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). "A reviewing court must examine the legal sufficiency of the facts alleged on the face of the complaint, giving the plaintiff the benefit of every reasonable inference of fact." Ibid. (internal quotations and citations omitted). The complaint must be searched thoroughly "and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Ibid. (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "Nonetheless, if the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed." Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107).

6

As members or officers of a non-civil service municipality, Borough of Caldwell police are governed by N.J.S.A. 40A:14-150, which reads in pertinent part:

> Any member or officer of a police department or force in a municipality wherein Title 11A of the New Jersey Statutes is not in operation, who has been tried and convicted upon any charge or charges, may obtain a review thereof by the Superior Court . . . [s]uch review shall be obtained by serving a written notice of an application therefor upon the officer or board whose action is to be reviewed within 10 days after written notice to the member or officer of the conviction. The officer or board shall transmit to the court a copy of the record of such conviction, and of the charge or charges for which the applicant was tried. The court shall hear the cause de novo on the record below and may either affirm, reverse or modify such conviction. If the applicant shall have been removed from his office, employment or position the court may direct that he be restored to such office, employment or position and to all his rights pertaining thereto, and [they] may make such other order or judgment as said court shall deem proper.

III.

Plaintiff argues that his petition for review under N.J.S.A. 14-150 is timely, advancing three separate theories to support his position. We disagree, finding that the statute controls the time within which an employee subject to this provision may seek review by the Superior Court. First, plaintiff relies on Rule 4:69-6(a) to suggest he had forty-five days to file his complaint in Superior

7

Court after receiving written notice of his termination. The relevant portion of the rule reads as follows: "(a) General Limitation. No action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to the review, hearing or relief claimed . . . ." R. 4:69-6(a). We reject plaintiff's attempt to substitute Rule 4:69-6(a)'s forty-five-day deadline for the legislature's ten-day deadline in N.J.S.A. 14-150, which specifically addresses non-civil service police officers who seek review of personnel actions against them. We concur with the trial court, who found that had the Legislature intended to do so, it would have incorporated the forty-five-day deadline into the statute.

Plaintiff next argues that his November 27 letter protesting Caldwell's Rice notice given in advance of the special meeting which took place that same day satisfied the statutory requirements of N.J.S.A. 14-150. Plaintiff's reliance on Borough of Stone Harbor v. Wildwood Loc. 59, Policemen's Benevolent Ass'n, 178 N.J. Super. 1 (App. Div. 1980), is misplaced. In Stone Harbor, we held that the record showed defendant employer was on notice of plaintiff's intent to seek review after plaintiff received written notice of termination but before the expiration of the ten-day statutory deadline. Id. at 8. This case is distinguishable, as the record shows the entirety of plaintiff's November 27

objection letter went to the adequacy of his notice for the special meeting. Plaintiff's letter contains no reference to preservation of his statutory right of review under N.J.S.A. 40A:14-150. In any event, plaintiff did not receive written notice of his termination as a police officer until December 4, when those rights would have accrued. There is nothing in the record to show that plaintiff placed defendants on notice of his intent to seek review after his December 4 termination, but before the expiration of the statutory deadline. We find no merit in this argument.

Plaintiff also argues that equitable principles call for the relaxation of the N.J.S.A. 40A:14-150 ten-day timeframe for seeking review of his termination, citing to various court rules.[5] We reject this argument, as the legislature's ten-day statutory deadline is jurisdictional in nature. See Mesghali v. Bayside State Prison, 334 N.J. Super. 617, 621-23 (App. Div. 2000) (holding that the Civil Service Commission could not accept an employee's appeal of a major disciplinary action outside of the twenty-day statutory time limit).

Finally, plaintiff makes a series of Open Public Meetings Act (OPMA)[6] and Rice arguments, challenging the legality of the November 27 meeting.

---

[5] Rules 1:3-4, 2:4-4, and 4:69-6(c).

[6] N.J.S.A. 10:4-6 to -21.

A-3422-19

Plaintiff raises his OPMA and Rice arguments for the first time before us, as he did not assert these claims in his complaint in lieu of prerogative writ before the trial court. We review both arguments under the plain error standard. Twp. of Manalapan v. Gentile, 242 N.J. 295, 304-05 (2020).

Plaintiff contends any public action taken on November 27 is defective because of technical deficiencies in the November 27 public meeting minutes, as well as Caldwell's omission of the November 27 meeting date from a published list of 2019 public meetings. We find the record is more than sufficient to conclude defendants substantially complied with OPMA. To the extent that there was any technical non-compliance by defendants, we find no error below "clearly capable of producing an unjust result." See R. 2:10-2.

Plaintiff further contends that his Rice notice for the November 27 meeting was inadequate. We find the record replete with evidence of plaintiff's knowledge that he was the subject of disciplinary action. He was present on November 20 when the hearing officer rendered the decision recommending termination. Defendants emailed both plaintiff and his attorney notice of the November 27 meeting. A Caldwell detective personally served plaintiff the meeting notice at his home. To the extent that there was any defect in the Rice notice, and we make no such finding, we discern no unjust result on this record.

Any remaining arguments not addressed here lack sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION